14-09022-rdd  Doc 1-2  Filed 06/13/14  Entered 06/29/14 12:31:39  doc 1  Pg 1
Case 1:14-cv-04282-VM  Document 1  Filed 03/26/14  Page 1 of 4
of 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENJAMIN LAWSKY, SUPERINTENDENT OF
FINANCIAL SERVICES OF THE STATE OF
NEW YORK, AS LIQUIDATOR OF FRONTIER
INSURANCE COMPANY,

No. 1:14-CV-353 [TJM/CFH]

**NOTICE OF REMOVAL**

Plaintiff,

-- against --

FRONTIER INSURANCE GROUP, LLC and
COUNTY OF SULLIVAN INDUSTRIAL
DEVELOPMENT AUTHORITY,

Defendants.
------------------------------------------------------------------X

Defendant Frontier Insurance Group, LLC ("FIGL") respectfully represents:

A.  **The State Court Action**

1.  In 2001, the Superintendent of Insurance of the State of New York had begun rehabilitation proceedings against Frontier Insurance Co. ("FIC"). FIC was a wholly owned subsidiary of Frontier Insurance Group, Inc. ("FIGI"), which was the legal predecessor to FIGL. In 2011, Plaintiff, the Superintendent of Financial Services of the State of New York, succeeded to the responsibilities of the former Superintendent of Insurance of the State of New York. In November 2012, the Supreme Court of the State of New York, County of Albany (the "State Court"), granted Plaintiff's Petition to convert the FIC rehabilitation proceeding into a liquidation proceeding. It is presently styled, In the Matter of the Liquidation of Frontier Insurance Co., Sup. Ct. Albany Cty. Index No. 97-06 (the "Liquidation Proceeding").

2.  On February 24, 2014, Plaintiff filed a petition (the "State Court Action") in the State Court seeking a declaration that FIC is the sole beneficial owner of real estate and improvements situated at 195 Lake Louise Marie Road, Rock Hill New York 12775, Assessor's Parcel No. T/Thompson Section 52, Block 1, Lot 1.3 (the "Rock Hill Property"), and directing the County of Sullivan Industrial Development Authority ("CSIDA"), the legal owner of the Rock Hill Property in connection with the issuance of industrial revenue bonds that have now matured, to convey the same to Plaintiff.

3.  The Petition states the Rock Hill Property is comprised of three parcels, A (the "Headquarters Building"), B (a parking lot adjacent to parcel C) and C (the "Pole Barn" and "Nana's House," which is a children's day-care center). FIGL does not dispute that FIC is

14-09022-rdd    Doc 1-2    Filed 06/13/14    Entered 06/29/14 12:31:39    doc 1    Pg 2
Case 1:14-cv-04282-VM    Document 1    Filed 03/26/14    Page 2 of 4
of 4

entitled to reversion of the Headquarters Building from CSIDA. At issue is the dispute over the reversionary rights to the other lots, including the Pole Barn and Nana's House.

4. On February 25, 2014, the State Court entered an Order (the "OSC") directing FIGL and CSIDA to Show Cause why the State Court should not grant Plaintiff the relief sought by the Petition. On March 11, 2014, the State Court so ordered a stipulation (the "CSIDA Order") among the parties that CSIDA would retain legal ownership of the Rock Hill Property pending further orders.

5. On February 28, 2014, FIGL was served with the Petition and Order in the State Court Action by certified, return-receipt-requested priority mail at its offices in the County of Nassau, State of New York.

6. The only portion of the Liquidation Proceeding that FIGL is hereby seeking to remove to this Court is the State Court Action, which pertains to the Rock Hill Property. FIGL does not seek to remove any other aspect of the Liquidation Proceeding.

7. No further proceedings have been had in the State Court Action.

B. **The Bankruptcy Case**

8. On July 5, 2005, FIGI filed a voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The matter was styled In re Frontier Insurance Group, Inc., Bankr. S.D.N.Y. Chapter 11 Case No. 05-36877 (CGM) (the "Bankruptcy Case").

9. FIGI's Schedule A, listing the real property interests held by FIGI, dated July 25, 2005, included three entries for the Rock Hill Property, one each for the Headquarters Building, the Pole Barn, and Nana's House. Subsequently, FIGI determined it did not actually have an interest in the Headquarters Building, which interest instead belonged to FIC, but that FIGI did indeed own the interest in the other lots, including the Pole Barn and Nana's House. On August 16, 2005, FIGI filed its Amended Schedule A, which eliminated the reference to the Headquarters Building but did not change the references to the Pole Barn or Nana's House.

10. FIC, through its then-Administrator, filed a proof of claim, dated August 31, 2005, in the Bankruptcy Case. FIC's proof of claim did not contest FIGI's ownership of Pole Barn or Nana's House, nor did it otherwise mention the Rock Hill Property.

11. On or about December 1, 2005, the Bankruptcy Court entered an order (the "Confirmation Order") confirming FIGI's First Amended Chapter 11 Plan of Reorganization (the "Plan"). Under the Plan, certain assets were vested in a liquidating trust for the benefit of certain creditors, consisting principally of causes of action and cash, and all other remaining assets of FIGI's bankruptcy estate, including the other lots, including the Pole Barn and Nana's House as listed on FIGI's Amended Schedule A, were vested in the Reorganized Debtor (as defined in the Plan). The Plan also discharged any and all Claims (as defined in the Plan) that FIC, and any

2

other creditors, may have had with respect to FIGI's property and, in this regard, the Plan enjoined such parties from "taking any . . . actions against the Debtor . . . [or] the Reorganized Debtor or any property of such persons" that is "inconsistent with the provisions of the Plan . . . ." The Plan also reserved to the Bankruptcy Court the "exclusive jurisdiction" to enforce the Plan, including matters pertaining to the interpretation, implementation and enforcement of the Plan.

12. FIC did not object to the Plan, which, among other things, provides that all of the property of the Debtor (as defined in the Plan) "shall revest in the Reorganized Debtor on the Effective Date." The Reorganized Debtor emerged from bankruptcy on the Effective Date (as defined in the Plan) with a new name, FIGL, and under new ownership (it was now owned by FIGI's largest secured creditor). Accordingly, FIGL became vested pursuant to the Plan with ownership of the other lots.

### C.    The Basis for Federal Jurisdiction

13. This Court has jurisdiction of the aforementioned action pursuant to 28 U.S.C.A. § 1334, and the action therefore may be removed to this Court pursuant to 28 U.S.C.A. § 1452.

14. FIGL is entitled to remove the State Court Action because such action seeks a determination as to the ownership of real property and improvements that were treated in, and transferred pursuant to, the Plan and the Bankruptcy Court's Confirmation Order. Moreover, under the Bankruptcy Code, the Bankruptcy Court has the inherent jurisdiction to interpret and enforce the Confirmation Order.

15. The merits that are determinative of the State Court Action, namely, whether the Plan transferred and vested the other lots, including the Pole Barn and Nana's House, in FIGL free and clear of any and all claims and interests asserted on behalf of FIC, directly pertain to the disposition of assets of the estate and the debtor creditor relationship and are "core proceedings" within the meaning of 28 U.S.C.A. § 157(b). See, e.g., 28 U.S.C.A.§ 157(b)(2)(O) ("core proceedings . . . [include] proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship . . ."). Accordingly, upon removal, the subject action will be a core proceeding.

16. Upon removal, FIGL intends to seek to cause this action to be transferred to the Bankruptcy Court for adjudication.

17. The Petition, its exhibits, the OSC and the CSIDA Order are annexed to this Notice of Removal and represent all of the papers filed in the State Court Action in connection with the subject matter of the Petition.

18. Promptly after the filing hereof, the undersigned shall serve a copy of this Notice on Plaintiff and CSIDA, and file a copy of this Notice with the Clerk of the State Court.

WHEREFORE, FIGL respectfully requests that the above-entitled action be removed to this Court from the Supreme Court of the State of New York, County of Albany.

Dated: New York, New York
March 28, 2014

                                                      /s/ Richard L. Crisona
Richard L. Crisona
Bar Roll No. 507649
Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006
Telephone:  (212) 571-0550
Facsimile:  (212) 571-0555
E-mail:  rcrisona@abv.com
*Attorneys for Defendant*
*Frontier Insurance Group, LLC*

Of counsel:
Robert E. Malchman
rmalchman@abv.com

4