**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| FRONTIER INSURANCE GROUP, INC., | No. 05-36877 (RDD) |
| Debtor. | |

----------------------------------------------------------------x

| | |
|---|---|
| BENJAMIN LAWSKY, SUPERINTENDENT OF FINANCIAL SERVICES OF THE STATE OF NEW YORK, AS LIQUIDATOR OF FRONTIER INSURANCE COMPANY, | Adversary Proceeding No. 14-9022 (RDD) |
| Plaintiff-Counterclaim Defendant, | |
| -- against -- | |
| FRONTIER INSURANCE GROUP, LLC, | |
| Defendant-Counterclaim Plaintiff. | |

----------------------------------------------------------------x

## **LIQUIDATOR'S ANSWER TO COUNTERCLAIMS**

Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, in his capacity as Liquidator (the "Liquidator") of Frontier Insurance Company ("FIC") answers the counterclaims of defendant Frontier Insurance Group, LLC ("FIGL") as follows:

REGARDING FIGL'S ALLEGATIONS OF FACT

56.  The Liquidator admits the allegations of this paragraph.

57.  The Liquidator admits the allegations of this paragraph.

58.  The Liquidator admits the allegations of this paragraph.

59.  The Liquidator admits the allegations of this paragraph.

60.  The Liquidator admits the allegations of this paragraph.

61. The Liquidator denies the facts alleged in this paragraph constitute a "discrepancy" and denies knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph, except admits that Frontier Insurance Group, Inc. ("FIGI") entered into the First Installment Sale Agreement through its wholly owned subsidiary, FIC, and was not a direct signatory to it. The First Installment Sale Agreement was signed by Harry W. Rhulen, a Senior Vice President of FIC and the son of Walter Rhulen.

62. The Liquidator denies knowledge or information sufficient to form a belief regarding the allegations of this paragraph, except admits that the original approximately 15 acre parcel was conveyed by FIC to the County of Sullivan Industrial Development Agency ("CSIDA") on or about February 25, 1993 and that the First Installment Sale Agreement calls for the return of this parcel to FIC.

63. The Liquidator admits the allegations of this paragraph.

64. The Liquidator admits the allegations of this paragraph.

65. The Liquidator admits the allegations of this paragraph, except denies that FIGI acquired the property comprising Parcels B and C "in or around 1994" – it was acquired on January 29, 1993.

66. The Liquidator admits the allegations of this paragraph.

67. The Liquidator admits the allegations of this paragraph.

68. The Liquidator denies knowledge or information sufficient to form a belief regarding the allegations of this paragraph, except denies that FIGI "added [Parcel C] to the CSIDA program." FIGI conveyed Parcel C to FIC. FIC thereafter conveyed Parcel C to the CSIDA pursuant to the First Supplemental Sale Agreement dated as of February 26, 1997.

69. Denied as stated. *See* Liquidator's response to paragraph 68.

70. The Liquidator denies the allegations of this paragraph.

71. The Liquidator denies the allegations of this paragraph.

72. The Liquidator admits the allegations of this paragraph.

73. The Liquidator admits the allegations of this paragraph, except that the Second Amended and Restated Payment in Lieu of Taxes Agreement is, in fact, the *third* Pilot Agreement, the first having been executed on or about June 9, 1992 and the second having been executed on or about February 26, 1997.

74. The Liquidator denies the allegations of this paragraph. The Second Amended and Restated Payment in Lieu of Taxes Agreement, signed by FIGI, also provides that the CSIDA "will sell 1999 Additions *to FIC* on an installment sale basis in accordance with the terms of a Second Supplemental Sale Agreement by and between the [CSIDA] and FIC of even date herewith" (Second Amended and Restated Payment in Lieu of Taxes Agreement at 3) (emphasis supplied).

75. The Liquidator admits the allegations of this paragraph.

76. The Liquidator denies the allegations of this paragraph as stated. The Appraisal describes the FIC property as a "two-phase three story, Class A office complex of 163,950 sq. ft." situated on "two contiguous parcels with a combined area of 31 acres" identified by the Town Assessor's Office as "Section 52, Block 1, lots 1.1 and 1.3" (*id.* at p. ii). Regarding the improvements on the property, the Appraisal notes the office complex, the pole barn and the day care center, but states: "The office structures are the only improvements to be addressed in this memorandum" (*id.* at p. ii). The Appraisal establishes that the Department valued the entire real estate assemblage and the office building as a FIC admitted asset, excluding only the pole barn and the day care center structures.

77. Denied as stated. *See* Liquidator's response to paragraph 76.

78. The Liquidator denies the allegations of this paragraph.

79. The Liquidator denies the allegations of this paragraph.

80. The Liquidator neither admits nor denies the allegations of this paragraph as they concern a matter of law as to which no response is required.

81. The Liquidator denies knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

82. The Liquidator admits the allegations of this paragraph.

83. The Liquidator admits the allegations of this paragraph, except denies knowledge or information sufficient to form a belief regarding the "FIGI payable."

84. The Liquidator admits the allegations of this paragraph.

85. The Liquidator admits the allegations of this paragraph.

86. The Liquidator admits the allegations of this paragraph, except that: (i) Parcel B is the Parking Lot adjacent to the Headquarters Building and is not mentioned at all on FIGI's original Schedule A; and (ii) the entry for the day care center on FIGI's original Schedule A is "Nana's House – *Lease*" (emphasis supplied).

87. The Liquidator denies the allegations of this paragraph, except admits that FIGI determined it did not have an interest in Parcel A.

88. The Liquidator admits the allegations of this paragraph, except that the entry for the day care center on FIGI's Amended Schedule A is "Nana's House – *Lease*" (emphasis supplied). Also, Parcel B is the Parking Lot adjacent to the Headquarters Building and is not mentioned at all on FIGI's Amended Schedule A.

89. The Liquidator admits the allegations of this paragraph.

90. The Liquidator admits the allegations of this paragraph; there was no dispute regarding FIC's reversionary interest in the entire Rock Hill Property, as set forth in the various Pilot and Installment Sale Agreements.

91. Denied as stated. *See* Liquidator's response to paragraph 90.

92. The Liquidator admits the allegations of this paragraph, except that the documents referred to were a First Amended Chapter 11 Plan of Reorganization and a First Amended Disclosure Statement and they were dated October 17, 2005.

93. The Liquidator neither admits nor denies the allegations of this paragraph as they concern a matter of law and refers to the Settlement Agreement and Release insofar as its legal import, terms and conditions may be relevant to this case.

94. The Liquidator admits the allegations of this paragraph.

95. The Liquidator denies the allegations of this paragraph, except admits that the Settlement Agreement and Release never ripened into a binding agreement and that neither party submitted it to the court supervising the FIC rehabilitation proceeding for approval.

96. Denied as stated. Neither party had affirmative obligations under the Settlement Agreement and Release because it was never approved by the court supervising the FIC rehabilitation proceeding. *See* Liquidator's response to paragraph 95.

97. The Liquidator denies the allegations of this paragraph, except admits that the Settlement Agreement and Release is void and that neither party submitted it to the court supervising the FIC rehabilitation proceeding for approval.

98. The Liquidator denies the allegations of this paragraph; there was no dispute regarding FIC's reversionary interest in the entire Rock Hill Property, as set forth in the various Pilot and Installment Sale Agreements.

99. The Liquidator admits the allegations of this paragraph.

100. The Liquidator admits the allegations of this paragraph.

101. The Liquidator admits the allegations of this paragraph.

### REGARDING FIGL'S FIRST COUNTERCLAIM

102. The Liquidator repeats and realleges his responses to the allegations of paragraphs 56 to 101 as fully as if they were set forth here at length.

103. The Liquidator denies the allegations of this paragraph.

104. The Liquidator denies the allegations of this paragraph, except admits that the FIC Rehabilitator did not object to the Chapter 11 Plan and voted in favor of the Plan. The Plan did not challenge FIC's reversionary interest in the entire Rock Hill Property, as set forth in the various Pilot and Installment Sale Agreements.

105. The Liquidator denies the allegations of this paragraph.

106. The Liquidator denies the allegations of this paragraph.

### REGARDING FIGL'S SECOND COUNTERCLAIM

107. The Liquidator repeats and realleges his responses to the allegations of paragraphs 102 to 106 as fully as if they were set forth here at length.

108. The Liquidator denies the allegations of this paragraph.

109. The Liquidator denies the allegations of this paragraph.

110. The Liquidator denies the allegations of this paragraph.

### REGARDING FIGL'S THIRD COUNTERCLAIM

111. The Liquidator repeats and realleges his responses to the allegations of paragraphs 107 to 110 as fully as if they were set forth here at length.

112. The Liquidator denies the allegations of this paragraph.

### REGARDING FIGL'S FOURTH COUNTERCLAIM

113. The Liquidator repeats and realleges his responses to the allegations of paragraphs 111 to 112 as fully as if they were set forth here at length.

114. The Liquidator denies the allegations of this paragraph.

### REGARDING FIGL'S FIFTH COUNTERCLAIM

115. The Liquidator repeats and realleges his responses to the allegations of paragraphs 113 to 114 as fully as if they were set forth here at length.

116. The Liquidator admits the allegations of this paragraph.

117. Denied as stated. FIGI owed a fiduciary duty to its wholly-owned insurer subsidiary, FIC, under the common law and article 15 of the New York Insurance Law.

118. The Liquidator denies the allegations of this paragraph.

119. The Liquidator denies the allegations of this paragraph.

120. The Liquidator denies the allegations of this paragraph.

121. The Liquidator denies the allegations of this paragraph.

122. Denied as stated. FIGL has not suffered, nor will it suffer, any loss for which it is entitled to a remedy at law.

### REGARDING FIGL'S SIXTH COUNTERCLAIM

123. The Liquidator repeats and realleges his responses to the allegations of paragraphs 115 to 122 as fully as if they were set forth here at length.

124. The Liquidator neither admits nor denies the allegations of this paragraph as they concern matters of law and refers to the Confirmation Order and to 11 U.S.C. § 524(a)(2) for the legal import and requirements thereof.

125. The Liquidator neither admits nor denies the allegations of this paragraph as they

concern matters of law and refers to the Proof of Claim and Chapter 11 Plan for the legal import and requirements thereof.

126. Denied as stated. The FIC Rehabilitator Proof of Claim did claim ownership of the Rock Hill Property because FIC's reversionary interest in the entire Rock Hill Property was already established by the various Pilot and Installment Sale Agreements, which FIGI had not challenged. The Liquidator's 2014 Petition seeking relief against FIGL in the FIC Liquidation proceeding asks the Liquidation Court to resolve a Notice of Claim filed by FIGL in that proceeding on December 24, 2013.

127. The Liquidator admits the allegations of this paragraph, except denies that Parcels B and C had vested in FIGL pursuant to the FIGI Chapter 11 Plan.

128. The Liquidator denies the allegations of this paragraph.

129. The Liquidator denies the allegations of this paragraph.

130. The Liquidator denies the allegations of this paragraph.

### REGARDING FIGL'S SEVENTH COUNTERCLAIM

131. The Liquidator repeats and realleges his responses to the allegations of paragraphs 123 to 130 as fully as if they were set forth here at length.

132. The Liquidator admits the allegations of this paragraph.

133. Denied as stated. Neither party submitted the Settlement Agreement and Release to the court supervising the FIC rehabilitation proceeding for approval.

134. The Liquidator denies the allegations of this paragraph.

135. The Liquidator denies the allegations of this paragraph.

136. Denied as stated. FIGL has not suffered, nor will it suffer, any loss for which it is entitled to a remedy at law.

## FIRST AFFIRMATIVE DEFENSE

137. This Court lacks subject-matter jurisdiction over this dispute.

## SECOND AFFIRMATIVE DEFENSE

138. This Court should abstain from exercising jurisdiction over this dispute.

## THIRD AFFIRMATIVE DEFENSE

139. FIGL has failed to state a cause of action upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

140. FIGL's predecessor in interest, FIGI, did not assert that it owned Parcels B and C in the FIGI Chapter 11 proceeding; accordingly FIGL is estopped from asserting such ownership now.

## FIFTH AFFIRMATIVE DEFENSE

141. FIGL's predecessor in interest, FIGI, did not assert that it owned Parcels B and C in the FIGI Chapter 11 proceeding; accordingly FIGL is barred by the doctrine of *res judicata* from asserting such ownership now.

## SIXTH AFFIRMATIVE DEFENSE

142. FIGL has waived any claim to ownership of Parcels B and C.

## SEVENTH AFFIRMATIVE DEFENSE

143. FIGL's predecessor in interest, FIGI, did not assert that it owned Parcels B and C in the FIGI Chapter 11 proceeding; accordingly FIGL is barred by the doctrine of *laches* from asserting such ownership now.

## EIGHTH AFFIRMATIVE DEFENSE

144. FIGL's prosecution of these counterclaims outside the state court supervising the FIC Liquidation proceeding violates NY Insurance Law §7419 and the injunctive provisions of

the FIC Liquidation Order (Petition, Exhibit Q, decretal paragraphs 5, 6 and 6-a).

## NINTH AFFIRMATIVE DEFENSE

145.    FIGL's predecessor in interest, FIGI, did not have a reversionary or ownership interest in Parcels B and C at the time that FIGI initiated its chapter 11 proceeding and nothing occurred during the chapter 11 proceeding that would grant a reversionary or ownership interest Parcels B and C to FIGI or FIGL.

## TENTH AFFIRMATIVE DEFENSE

146.    The Settlement Agreement and Release, if it is deemed to have come into force or if it comes into force in the future, releases the claims asserted by FIGL's December 24, 2013 Notice of Claim and by the instant counterclaims.

## **CONCLUSION**

For the foregoing reasons, FIGL's counterclaims should be dismissed.

Dated: New York, New York
April 17, 2015

>                    COSTIGAN LAW
>
>                    By  /s/ William F. Costigan
>                         William F. Costigan
>                    747 Third Avenue, 2d Floor
>                    New York, NY 10017
>                    Telephone:    (646) 722-2699
>                    E-Mail:       wfcostigan@costiganlaw.com
>
>                    Melanie Cyganowski, Esq.
>                    OTTERBOURG P.C.
>                    230 Park Avenue, Suite 2800
>                    New York, NY 10169
>                    Telephone: (212) 661-9100
>                    E-Mail:    mcyganowski@otterbourg.com
>
>                    *Attorneys for Plaintiff/Counterclaim Defendant*